IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
8/26/20 4:13 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No. 18-21164-GLT |
| JULIE KAY NORMAN-STARK and SHERI LYNN STARK | : | Docket No. |
| Debtors | : | |
| | : | Hearing Date and Time: August 26, 2020 at 9:00 am |
| JULIE KAY NORMAN-STARK and SHERI LYNN STARK, | : | Response Due: August 17, 2020 |
| Movants | : | Related Dkt. Nos. 78 and 87 |
| v. | : | |
| ROUNDPOINT SERVICING CORPORATION. | : | |
| Respondent(s) | : | |

**ORDER OF COURT**

AND NOW, this __26th__ day of ___August___, 2020, upon consideration of the Debtors' Motion to Sell Real Property Free and Divested of Liens ("Motion") whereby the Debtors, Julie Kay Norman-Stark and Sheri Lynn Stark, see authorization to sell their property located at 336 Ranchero Drive, Pennsylvania and further identified as tax parcel 0926-J-00517-0000-00 (the "Property") to Ahalya Anit ("Purchaser") of 7132 Sanlin Drive, Moon Township, PA 15108 for a price of $385,000.00 free and clear of all claims and encumbrances pursuant to a certain agreement of sale which is attached to the Motion as Exhibit "A" ("Agreement") and after notice and hearing, the Court finds that:

1. Service of the Notice of Hearing, Motion, and Order setting hearing on the Motion for sale of property free and divested of liens of the above-named Respondents, was effective on the following secured creditors whose liens are recited in the Motion for public sale at:

RoundPoint Servicing Corporation
5016 Parkway Plaza Boulevard
Charlotte, NC  28217

2. Sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the Debtors as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

3. The motion and hearing were advertised in the Pittsburgh Post Gazette on August 6, 2020, and Pittsburgh Legal Journal on August 10, 2020, as shown on the proof of publication which has been or will be filed with the Court as well as on the Court's EASI website on August 5, 2020.

4. At the sale hearing the highest and best offer received was that of our above Purchaser and no objections to sale were made which would result in cancellation of the sale.

5. The price of $385,000.00 offered by Ahalya Anit ("Purchaser") is a full and fair price for the Property.

6. The Purchaser has acted in good faith with respect to the within sale in accordance with In re Abbots Dairies of Pennsylvania, Inc. 788 F2d 143 (3rd Cir. 1986).

Now therefore, IT IS ORDERED, ADJUDGED AND DECREED that the Debtors are authorized to their interest in the Property located at pursuant to the Agreement;

**IT IS FURTHER ORDERED** the sale by General Warranty deed of the property identified as 336 Ranchero Drive, Moon Township, Pennsylvania further identified as tax parcel 0926-J-00517-0000-00 is hereby **CONFIRMED** to Ahalya Anit ("Purchaser") of 7132 Sanlin Drive, Moon Township, Pennsylvania, for Three Hundred Eighty-Five Thousand Dollars ($385,000.00), free and divested of liens and claims, and that the Debtors are authorized and directed to make, execute and deliver to the Purchasers the necessary deed and/or other documents required to transfer title to the Property purchased upon compliance with the terms of sale as required above;

**IT IS FURTHER ORDERED,** the above recited liens and claims, be, and hereby are, transferred to the proceeds of sale, if and the extent they may be determined to be valid liens against the Property, that the within decreed sale shall be free, clear and divested of said liens and claims;

**FURTHERED ORDERED,** the following liens, expenses, and costs as described below shall immediately be paid at the time of the closing. **Failure of the closing agent to timely make and forward disbursements required by this Order** will subject the closing agent to monetary sanctions, including among other things, a fine or imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order,

**FURTHER ORDERED**, the proceeds of sale shall be distributed at closing in the following order of priority:

   a. Current real estate taxes for 2020 pro-rated to the date of closing and real estate taxes owed for years pre-dating 2020;

   b. Sewer, water, and other municipal claims for services rendered through date of closing;

   c. Seller's share of real estate transfer taxes;

    d. Realtor commission in the amount of $295 + the greater of 6% of the purchase price or $4,000.00 shall be paid to Berkshire Hathaway HomeServices whose retention has been approved by the Court;

    e. The cost of local newspaper advertising in the amount of $143.00 to be paid to Max C. Feldman, included in the Statement of Fees and Costs;

    f. The cost of legal journal advertising in the amount of $119.60 to be paid to Max C. Feldman, included in the Statement of Fees and Costs;

    g. Court approved attorney's fees of Debtor's counsel, Max C. Feldman, in the amount of $3,063.75 plus copy and postage expenses of $561.95( an itemization of Service and expenses were filed with the Court);

    h. The balance remaining of the sale proceeds shall be paid to the following lien holders in order of priority as set forth in the following table of liens;

    i. Roundpoint Servicing Corporation shall be paid in full at closing;

    j. All remaining liens of record, if any, shall be paid at closing;

    k. $5,000.00 shall be paid to the Chapter 13 Trustee to partially fund debtor's plan; and

    l. The Debtors are authorized to be paid $15,655 on account of their allowed exemption under Section 522(d)(1). Any remaining proceeds shall be held in escrow by Attorney Feldman in his IOLTA account pending further court order.

| Claimant | Person Liable W – Wife J – W and W | Amount on Petition Date | Date of Lien | Type of Lien | Docket Number |
|---|---|---|---|---|---|
| RoundPoint Servicing Corp. | J | 295,345 | 2/2/2016 | Mortgage | |

**FURTHER ORDERED**:

If a dispute arises at closing which cannot be resolved, the amount in dispute shall be escrowed with Debtor's counsel, Max C. Feldman, pending further Order of Court so that the sale can close;

The closing shall occur within forty five (45) days of this Order and, **within five (5) days following the closing,** the Movant shall file a report of sale with a settlement statement attached.

This Sale Confirmation Order survives any dismissal or conversion of the within case.

**Within five (5) days of the date of this Order**, the Movant shall serve a copy of the within Order on each Respondent and its attorney of record, if any, upon any attorney or party who has answered the Motion or appeared at the hearing, the attorney of the Debtors, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

Dated: 8/26/20

                                                      Gregory L. Taddonio, Judge
                                                      United States Bankruptcy Court