FILED
12/15/20 2:08 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : Case No. 18-21164-GLT |
| | : Chapter 13 |
| **JULIE KAY NORMAN-STARK and** | : |
| **SHERI LYNN STARK**, | : |
| | : |
| *Debtors.* | : |
| | : |
| **JULIE KAY NORMAN-STARK and** | : |
| **SHERI LYNN STARK**, | : |
| | : |
| *Movants*, | : Related to Dkt. Nos. 113, 117 |
| | : |
| v. | : |
| | : |
| **RONDA J. WINNECOUR, CHAPTER 13** | : |
| **TRUSTEE**, | : |
| | : |
| *Respondent*. | : |

### ORDER

     This matter came before the Court on December 2, 2020 on the *Amended Motion to Dismiss*[1] (the "Motion") filed by the debtors Julie Kay Norman-Stark and Sheri Lynn Stark (the "Debtors") and the *Chapter 13 Trustee's Response to Motion to Dismiss*[2] filed by Ronda J. Winnecour, the chapter 13 trustee (the "Trustee"). The Trustee does not oppose dismissal, but requests authorization to disburse the remaining $20,979.27 in her possession in accordance with the Debtors' confirmed plan.[3] She asserts that even in the absence of bad faith, it is only fair to

---

[1]    Dkt. No. 113.

[2]    Dkt. No. 117.

[3]    The confirmation order already authorizes the Trustee to make payments in accordance with the plan prior to entry of a dismissal order, but the Court appreciates that she cannot be sure when the Court will enter a dismissal order and does not wish to inadvertently disburse funds without authorization after the case is dismissed. Nevertheless, the Trustee's understandably cautious approach in seeking specific approval of a disbursement to coincide with dismissal is subject to a much different standard.

pay the accumulated balance to creditors since the Debtors have enjoyed the benefit of bankruptcy protection for the last two and a half years.  The Debtors oppose the Trustee's request.

> Section 349(b) of the Bankruptcy Code provides in relevant part:
>
> *Unless the court, for cause, orders otherwise*, a dismissal of a case other than under section 742 of this title—
>
> * * *
>
> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.[4]

"Cause" is not defined, and the United States Court of Appeals for the Seventh Circuit has suggested that "'[c]ause' under § 349(b) means an acceptable reason."[5]  Still, the Court must be mindful that "the 'power to override the normal effects of dismissal is [to be] used sparingly.'"[6]

The only "cause" cited by the Trustee is the fact that the Debtors' chapter 13 case has been pending for two and a half years.  Admittedly, some courts have found that time spent in bankruptcy may amount to "cause" where the delay to creditors was unreasonable, attributable to bad faith, or otherwise granted an inequitable benefit.[7]  None of that is alleged to be the case here.  Nor has a record been established to justify a different result.  As such, the Court does not find cause to alter the default requirement that the Trustee return undistributed funds to the

---

[4]    11 U.S.C. § 349(b)(3).

[5]    Matter of Sadler, 935 F.2d 918, 921 (7th Cir. 1991).

[6]    In re Beaird, 578 B.R. 643, 650 (Bankr. D. Kan. 2017) (quoting 3 Collier on Bankruptcy, ¶ 349.03[2] at 349–14 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2017)).

[7]    See, e.g., In re Darden, 474 B.R. 1, 14 (Bankr. D. Mass. 2012) (cause existed to allow trustee to disburse settlement proceeds upon dismissal after debtor already spent five years in chapter 13); In re Hufford, 460 B.R. 172, 177 (Bankr. N.D. Ohio 2011) (the debtors' inability to remedy plan feasibility issues after a year of negotiating with their mortgage lender warranted a disbursement to creditors upon dismissal); In re Torres, No. 99-02609, 2000 WL 1515170, at *3 (Bankr. D. Idaho Oct. 10, 2000) (creditors entitled to a distribution upon dismissal where unreasonable delay prevented plan confirmation and a prior distribution).

Debtors upon dismissal.   Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that:

      1.     The Motion is GRANTED. The case is DISMISSED, without prejudice.

      2.     Given the representation that the Debtors have separated, and recognizing

that they may have competing claims to the undisbursed funds, the Trustee is directed to turn

over all undisbursed funds to Attorney Feldman who will then ensure their proper return to the

Debtors.

      3.     The Debtors remain legally liable for all their debts as if the bankruptcy petition

had not been filed. Creditor collection remedies are reinstated pursuant to 11 U.S.C . Section 349.

Creditors are directed to 11 U.S.C. Section 108(c) for time limits on filing a lawsuit to collect.

      4.     Each income attachment in this case is now terminated.

      5.     The Court retains jurisdiction over the Trustee's Report of Receipts and

Disbursements and Final Report and Account. Upon submission of the UST Form 13-FR-S:

Chapter 13 Standing Trustee's Final Report and Account, the Trustee is discharged from

her duties in this case and this case will be closed without further Order of Court.

Dated: December 15, 2020

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY COURT

cm: Debtors
     Debtors' Counsel

3

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                              Case No. 18-21164-GLT

Julie Kay Norman-Stark                                                             Chapter 13

Sheri Lynn Stark

     Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0315-2                    User: mgut                            Page 1 of 2

Date Rcvd: Dec 15, 2020                 Form ID: pdf900                       Total Noticed: 2

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 17, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Julie Kay Norman-Stark, 336 Ranchero Drive, Moon Township, PA 15108-9644 |
| jdb | #+ | Sheri Lynn Stark, 336 Ranchero Drive, Moon Township, PA 15108-9644 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 17, 2020                    Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 15, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor ROUNDPOINT MORTGAGE SERVICING CORPORATION bnicholas@kmllawgroup.com |
| Keri P. Ebeck | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com  jbluemle@bernsteinlaw.com |
| Max C. Feldman | on behalf of Joint Debtor Sheri Lynn Stark mcfeldman@verizon.net |
| Max C. Feldman | on behalf of Debtor Julie Kay Norman-Stark mcfeldman@verizon.net |

District/off: 0315-2 | User: mgut | Page 2 of 2
Date Rcvd: Dec 15, 2020 | Form ID: pdf900 | Total Noticed: 2

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
cmecf@chapter13trusteewdpa.com

TOTAL: 6